IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAMBELLI FIREWORKS MANUFACTURING CO., INC. doing business as ZAMBELLI FIREWORKS INTERNATIONALE,<br><br>Plaintiff,<br>v.<br><br>MATTHEW WOODS and PYROTECNICO F/X, LLC.,<br>Defendants. | 2:08-cv-415 |

## MEMORANDUM ORDER

Pending now before the Court are the following discovery motions: DEFENDANT MATTHEW WOOD'S MOTION TO COMPEL (Document No. 24), PYROTECNICO F/X, LLC'S MOTION TO COMPEL (Document No. 25), PLAINTIFF'S MOTION TO COMPEL DEFENDANT PYROTECNICO TO PROVIDE COMPLETE DISCOVERY RESPONSES (Document No. 27) and PLAINTIFF'S MOTION TO COMPEL DEFENDANT WOOD TO PROVIDE COMPLETE DISCOVERY RESPONSES (Document No. 28). The parties have filed responses to each motion, the Court discussed and heard the parties' respective positions at a case managment conference on June 27, 2008 and the motions are ripe for disposition. They will be addressed seriatim.

Plaintiff Zambelli Fireworks Manufacturing Co., Inc. ("Zambelli") has filed a motion for preliminary injunction. Zambelli alleges that Defendant Wood breached his employment agreement by precipitously leaving its employ and accepting a job with its largest competitor, Defendant Pyrotecnico F/X, LLC ("Pyrotecnico"). Specifically, Zambelli alleges breaches of a restrictive covenant of non-competition, covenants prohibiting solicitation of clients and

employees, and covenants prohibiting disclosure of proprietary and confidential trade secrets. Wood alleges that the employment agreement was unenforceable for several reasons, i.e., that the corporate identity changed, that the agreement was not supported by adequate consideration and that its geographic scope and duration were excessive.

Document #24

Wood seeks to compel production of documents that Plaintiff has withheld on the basis of relevance. In particular, Wood seeks numerous documents related to the sale of Zambelli, including unredacted versions of all schedules to the Stock Purchase Agreement by which ZIF Holding purchased the stock of Zambelli, board meeting minutes, due diligence documentation, transitions plans, information regarding Doug Taylor's assessment of the Zambelli business, resume and goals, and unredacted non-compete agreements of other Zambelli employees.

Zambelli observes that it produced the non-compete agreements of Danabeth and Marcy Zambelli, daughters of the business founder, George Zambelli, who co-managed the Florida office where Wood worked. Plaintiff contends that because Danabeth and Marcy Zambelli, as well as Michel Richards and Doug Taylor, were not pyrotechnic choreographers, but were shareholders and upper-level executives, their salary information is not relevant to whether there was adequate consideration for Wood's agreement. Zambelli represents that other categories of documents sought by Wood do not exist or have been produced.

In general, Zambelli objects to production of sensitive competitive information to its major competitor and represents that Wood is not accused of theft of patents, trademarks or intellectual property. However, there is a negotiated and agreed upon confidentiality order in place that enables the parties to designate such sensitive information as "attorneys eyes only." At

the conference on June 27, 2008, counsel for Plaintiff agreed to unredact all information with the limited exception of details of forward-looking compensation of certain executives/owners, and to provide the remainder of the schedules of the Stock Purchase Agreement.[1] This compromise appears to be reasonable to the Court and Defendant will be entitled to revisit this issue after it reviews the newly provided information.

Accordingly, DEFENDANT MATTHEW WOOD'S MOTION TO COMPEL (Document No. 24) is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**.

Document No. 25

Pyrotecnico seeks to compel complete responses to its discovery requests. Specifically, Pyrotecnico objects to three types of responses made by Zambelli: (1) prematurity; (2) that the information is already in Defendant's possession; and (3) references to deposition testimony of Defendants. Pyrotecnico further explains that it seeks Zambelli's knowledge at the time it filed the verified complaint.

Zambelli responds that questions about damages are premature and are not relevant at the injunction stage, that certain information is exclusively in the possession of Defendants, and that Pyrotecnico's discovery requests did not specify the state of the evidence at the time the complaint was filed, but more broadly sought "all" facts and documents.

The Court agrees that interrogatories regarding Zambelli's damages and its claims against Pyrotecnico are not relevant at the injunction stage of the case. However, as discussed during the

---

[1] The Court does not reach Plaintiff's merit-based argument regarding the applicability of the Uniform Written Obligations Act regarding adequacy of consideration, the legal effect of the sale of stock to ZIF, or the geographic scope of the restrictive covenant.

conference, discovery is now actually open on all issues. Therefore, prematurity is no longer a basis for withholding discoverable information and Zambelli must supplement its responses as necessary and appropriate.

The Court also agrees with Zambelli that Pyrotecnico's discovery requests were not narrowly tailored to Plaintiff's knowledge "at the time the complaint was filed." However, the mere fact that information may already be in Defendant's possession does not excuse Plaintiff from its obligation to fully disclose the information within its possession, even if that information may be duplicative. Accordingly, Plaintiff shall supplement its responses to include its knowledge at the time the complaint was filed, and any other responsive information or documents within its possession since that time. Zambelli shall respond to the "contention" interrogatories based on its current information, and shall fulfill its duty to supplement its responses as necessary.

Accordingly, PYROTECNICO F/X, LLC'S MOTION TO COMPEL (Document No. 25) is **GRANTED**.

Documents ## 27 and 28

Zambelli's motions to compel raise an interesting issue regarding the assertion of attorney-client privilege.[2] Plaintiff objects to the withholding of documents based on an

---

[2]Under Pennsylvania law, the elements of attorney-client privilege are: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of the bar or court; (3) the communication relates to a fact of which the attorney was informed by his client without the presence of strangers for the purpose of securing primarily either an opinion of law or legal services or assistance in some legal proceedings, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. 42 Pa.C.S.A. § 5928; *Rhone Poulenc v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir.1994)).

attorney-client privilege between Pyrotecnico's counsel at the firm of Leech Tishman Fuscaldo & Lampl ("LTFL") and Wood. At the conference, the Court explained that an *in camera* review of the relevant documents would be required in order to fully assess the validity of the claim of privilege. This review has been performed.

Defense counsel provided all of the documents contained in the privilege log. Certain documents are solely communications between Pyrotecnico employees and LTFL counsel. These documents are clearly privileged and are not at issue in the pending motions.

The documents on which Wood is either the sender or a recipient fall into three categories: (1) informational or scheduling emails, which are not privileged because they were not sent for the purpose of obtaining legal advice; (2) emails concerning the negotiation of Wood's employment contract with Pyrotecnico, which are not privileged because LTFL lawyers were adverse to Wood for that purpose (i.e., LTFL represented the interests of Pyrotecnico); and (3) a very limited subset of emails in which Wood clearly ran things by LTFL lawyers to obtain advice on the best way of doing certain tasks relating to leaving his job at Zambelli. At this point in time, Wood had already executed his employment contract with Pyrotecnico. The Court concludes that the attorney client privilege is properly invoked as to this third category of emails. Defense counsel shall redact the few communications that the Court has determined are privileged and shall produce the remainder of the documents on which Wood is a sender or recipient on or before July 8, 2008.

Zambelli's request for production of an unredacted version of Wood's calendar is now moot, given its production and counsel's representation that the information contained in the links to various "to do" items will also be provided.

Accordingly, PLAINTIFF'S MOTION TO COMPEL DEFENDANT PYROTECNICO

TO PROVIDE COMPLETE DISCOVERY RESPONSES (Document No. 27) and PLAINTIFF'S MOTION TO COMPEL DEFENDANT WOOD TO PROVIDE COMPLETE DISCOVERY RESPONSES (Document No. 28) are **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED this 1st day of July, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Mark A. Willard, Esquire
Email: mwillard@eckertseamans.com
Christina I. Kepplinger, Esquire
Email: ckepplinger@eckertseamans.com

MATTHEW WOODS
David G. Oberdick, Esquire
Email: dgo@muslaw.com
Jane Lewis Volk, Esquire
Email: jlv@muslaw.com
Mary C. McGinley, Esquire
Email: mcm@muslaw.com

PYROTECHICO FX, LLC.
Manning J. O'Connor, II, Esquire
Email: moconnor@leechtishman.com
Patrick Sorek, Esquire
Email: psorek@leechtishman.com