# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAMBELLI FIREWORKS MANUFACTURING CO., INC. doing business as ZAMBELLI FIREWORKS INTERNATIONALE,<br><br>        Plaintiff,<br>  v.<br><br>MATTHEW WOODS and PYROTECNICO F/X, LLC.,<br>        Defendants. | 2:08-cv-415 |

## MEMORANDUM ORDER

Pending now before the Court is DEFENDANT MATTHEW WOOD'S MOTION TO COMPEL DISCOVERY AND ALTERNATIVELY, TO PRECLUDE CERTAIN EVIDENCE AT TRIAL (Document No. 38). Plaintiff has filed a response (Document No. 39) and Wood has filed a reply brief (Document No. 40). The motion is ripe for disposition.

As summarized in the Court's Memorandum Order dated July 1, 2008, which resolved several discovery motions filed by the parties, Plaintiff Zambelli Fireworks Manufacturing Co., Inc. ("Zambelli") has filed a motion for preliminary injunction. Zambelli alleges that Defendant Wood breached his employment agreement by precipitously leaving its employ and accepting a job with its largest competitor, Defendant Pyrotecnico F/X, LLC ("Pyrotecnico"). There is a negotiated and agreed upon confidentiality order in place that enables the parties to designate sensitive information as "attorneys eyes only."

It is apparent from the filings of the parties that the remaining dispute is very narrow. After the filing of the instant Motion to Compel, counsel for Zambelli provided supplemental answers, a supplemental production, a redaction log and a supplemental redaction log. Thus,

much of the relief originally sought by Wood is moot.[1] Defendant's request for alternative relief, i.e., preclusion of evidence at trial, is not warranted. The remaining issues in dispute are: (1) the identity of customer and "shooter" information; and (2) redactions on the supplemental redaction log regarding the number of shows performed and the revenues for 2006 and 2007 and an entry stating "Description of the recommended purchase and reason therefore."[2]

As an initial matter, the Court did not bar Zambelli from interposing proper relevancy objections. To the contrary, the Memorandum Order concurred with Zambelli that "interrogatories regarding Zambelli's damages and its claims against Pyrotecnico are not relevant at the injunction stage of the case." However, the Court also observed that "prematurity" was not a valid objection because discovery is now open on all issues. In resolving the original Motion to Compel filed by Wood, the Court approved a compromise resolution by which "Plaintiff agreed to unredact all information with the limited exception of details of forward-looking compensation of certain executives/owners, and to provide the remainder of the schedules of the Stock Purchase Agreement." The Court further noted that "Defendant will be entitled to revisit this issue after it reviews the newly provided information."

<u>Customer and Shooter Identities</u>

Even though the confidentiality order permits parties to designate information as "attorneys eyes only," Zambelli has a legitimate proprietary interest in the identies of its

---

[1] The Discovery Dispute Certificate seems to have been filed somewhat prematurely. The duty of counsel to make reasonable efforts to reach agreement includes an obligation to narrow issues as much as possible and to confirm that a specific, actual controversy still remains for decision by the Court.

[2] In a footnote, Wood contends that Board of Director meeting minutes after January 2008 and shareholder meeting minutes were not produced. If such documents exist, they shall be produced.

customers and shooters. From Zambelli's perspective, one of its best shooters has already been "poached" by Pyrotecnico and Zambelli is understandably reluctant to provide contact information (i.e., last names) for its other shooters. Wood has failed to articulate a convincing rationale for its need to obtain specific names of customers or shooters, particularly in light of Zambelli's withdrawal of its theft of trade secrets claim as to the list, or identity of Zambelli's shooters. Accordingly, this aspect of Defendant's motion is denied.

Supplemental Redaction Log

Wood has articulated a plausible relevancy rationale as to the number of shows and revenues in 2006 and 2007. Similarly, the redaction log does not adequately establish a basis for redacting the "description of recommended purchase and reason therefore." Accordingly, those items must be produced in unredacted form within three (3) days. If appropriate, the information may be restricted to "attorneys eyes only" in accordance with the confidentiality order. This aspect of the motion is granted.

In accordance with the foregoing, DEFENDANT MATTHEW WOOD'S MOTION TO COMPEL DISCOVERY AND ALTERNATIVELY, TO PRECLUDE CERTAIN EVIDENCE AT TRIAL (Document No. 38) is **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED this 11th day of August, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     Mark A. Willard, Esquire
        Email: mwillard@eckertseamans.com
        Christina I. Kepplinger, Esquire
        Email: ckepplinger@eckertseamans.com

MATTHEW WOODS
        David G. Oberdick, Esquire
        Email: dgo@muslaw.com
        Jane Lewis Volk, Esquire
        Email: jlv@muslaw.com
        Mary C. McGinley, Esquire
        Email: mcm@muslaw.com

PYROTECHICO FX, LLC.
        Manning J. O'Connor, II, Esquire
        Email: moconnor@leechtishman.com
        Patrick Sorek, Esquire
        Email: psorek@leechtishman.com